■ In the Matter of the STATE OF NEW YORK, by LOUIS J. LEFKOWITZ, as Attorney-General, Respondent. I. C. SYSTEM, INC., Appellant.— Judgment, Supreme Court, New York County, entered August 12, 1974, granting in part petitioner's application for an injunction, unanimously reversed, on the law, and the petition dismissed, without costs and without disbursements. Respondent operates a collection service for creditors. In attempting to collect outstanding debts respondent employs a series of seven letters which are sent to the alleged delinquent debtors. The record indicates that when the petitioner, Attorney-General of the State of New York, first commenced investigation into respondent's activities, the respondent co-operated and consented to the initial objections voiced by the petitioner. Accordingly, respondent revised the fifth and seventh form letters. Subsequently, however, further objections were made and the parties not being able to agree on the form and content of the " Assurance of Discontinuance", petitioner thereupon brought this proceeding seeking injunctive relief pursuant to subdivision 12 of section 63 of the Executive Law and section 601 et seq. of article 29-H of the General Business Law. Special Term granted the injunction in part, prohibiting respondent from employing certain language in its form letters. However, examination of the letters indicates that the injunction was improperly issued. First, the judgment enjoined certain activities which are proper and not within the proscription of the Executive Law or General Business Law. Secondly, the injunction prohibited other activities — although there was no showing that respondent engaged in those activities. In this respect the injunction is not specifically related to the language used in the form letters and accordingly, respondent is not given proper guidance as to the activity enjoined. Whereas the judgment enjoined respondent from representing that " legal action is imminent, when such is not the case", the letters do not contain that representation. The letters merely indicate that a recommendation of legal action will be made to the creditor if payment is not forthcoming. Such statement is not improper, there being no showing that respondent " Threaten[ed] any action which the principal creditor in the usual course of his business does not in fact take", or " threaten[ed] to enforce a right with knowlege

\* \* \* that the right does not exist ". (General Business Law, § 601, subds. 7, 8.) Similarly, there was no justification to enjoin respondent from "representing that a notice constitutes a final notice before suit when it is not final and when it is not prior to suit". Although Form Letter 7 is labeled "final notice", such is a proper label since it is the last letter which respondent transmits to the debtor. Moreover, there is no representation that it is a final notice before suit, the letter merely stating that unless payment is received by a certain date, respondent shall recommend that the matter be referred to an attorney. Again, that language is not violative of the law and there is no showing that the statement is in any manner fraudulent. Form Letter 7 is also the subject of subdivision C of the injunction which prohibits the use of "any forms which give the appearance of being authorized, issued or approved by a governmental agency or attorney at law when it is not." This letter was one of the two letters which was revised to meet the initial objections voiced by the petitioner. The original form of this letter referred to the debtor's "appear[ing]" at the creditor's office on or before a certain date. Although respondent did not concede that the original letter was improper, it, nevertheless, revised the language used by deleting any reference to the debtor's appearance at the creditor's office. The revised letter does not in any manner simulate legal process nor does it give the appearance of being authorized, issued or approved by a governmental agency or attorney at law and hence, is not violative of subdivision 9 of section 601 of the General Business Law. And finally, the injunction improperly prohibited respondent from "using any form which solicits from a consumer debtor personal financial information unless disclosure is made that the furnishing of such information is voluntary". This part of the injunction has reference solely to Form Letter 5. Again, the respondent revised the original letter to comply with the petitioner's objection. The letter, as revised, merely refers to the debtor's prior refusals to pay the indebtedness and concludes with the *request* that the debtor complete and return a financial questionnaire. There is nothing to indicate that compliance with the questionnaire is anything but voluntary on the debtor's part. In sum, we conclude that the form letters used by the respondent in its lawful attempt to secure payments of debts for its clients are not violative of any specific statute and that there is nothing to justify a conclusion that the letters contain any misrepresentation or fraudulent statements. Concur — McGivern, P. J., Nunez, Murphy, Tilzer and Lane, JJ.